UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK L. McWILLIAMS,

    Petitioner,

    v.       CAUSE NO. 3:20-CV-596-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Mark L. McWilliams, a prisoner without a lawyer, filed a habeas petition challenging numerous disciplinary decisions by the Indiana Department of Correction since 1995, which have resulted in the loss of 1,148 days of good time credit. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

McWilliams argues that the Indiana Department of Correction lacks any legal authority to sanction him with the loss of good time credit, but he is mistaken. The Indiana General Assembly enacted the good time credit scheme "to encourage inmates of penal institutions to behave well while confined, to improve their morale, and thus to help the prison authorities to maintain order and control." *Dunn v. Jenkins*, 377 N.E.2d 868, 873 (Ind. 1978); *State v. Eckhardt*, 687 N.E.2d 374, 376 (Ind. App. 1997); Ind. Code § 35-50-6-5 (authorizing deprivation of credit time for rule violations in correctional facilities). Further, the Supreme Court of the United States has found that such schemes

are constitutional as long as certain procedural safeguards are met. *See Superintendent v. Hill*, 472 U.S. 445 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974). McWilliams also presents sovereign citizen theories, including references to the Uniform Commercial Code, surety bonds and liens, but the court will not consider these theories because they are legally frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented").

Because McWilliams has not asserted a valid claim for habeas relief, the habeas petition is denied. If McWilliams wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Mark L. McWilliams leave to proceed in forma pauperis on appeal.

SO ORDERED on September 14, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT